Good morning, Your Honors. Patrick McGillicuddy for Mr. Rivera-Alvarado. Emily, you'll have to speak up, too. The acoustics in this room are not terrific. Okay. I'm sorry about that. My case is very simple. I don't think the government proved that my client had a prior drug offense. The judgment of conviction from Arkansas that the government offered was in the name of – Could you speak louder, please? I'm sorry. It was in the name of Jesse Alvarado, not Jesus Rivera-Alvarado. But you had a human being there saying it's the same guy. And that testimony took place during the trial, the case in chief, and did not take place during the hearing on the prior conviction because I objected on hearsay grounds, and Judge Snow sustained that objection. So the prior testimony wasn't offered at the 851 hearing. So there was no live witness who testified at what I believe is a criminal trial. That's an interesting point. What's your best case that says it's a functional equivalent of a criminal trial? Well, I looked throughout the 851 USCA, and I have not found a case that says that. I think this is a case of first impression in this court. I know the government cited Pratt, which is an Eighth Circuit case, that said it was part of the sentencing process. And, of course, the Eighth Circuit doesn't bind this circuit. You blaze your own trail. One of the arguments that was made by the government in the trial court was that the jury's verdict establishing your client's guilt was subject to judicial notice. And the judge didn't decide on that ground, but it's in the record that that ground was offered. Why isn't that a correct assertion? Why isn't the verdict subject to judicial notice, and therefore the trial court reached the correct result? The verdict is not subject to judicial notice because Congress has imposed the duty on the trial court to find the prior conviction beyond a reasonable doubt. But it was the same judge, wasn't it? Well, but he can't delegate his fact-finding duty to the jury. It's a separate trial. But the question is the conviction, not whether it was a great conviction that should have been overturned on appeal. The question, isn't it whether there was a conviction? Well, there was a verdict. There was not a judgment of conviction because under Rule 32K, you have to have a verdict, you have to have an adjudication, you have to have a sentencing, you have to have the judge sign the adjudication, and then you have to have the clerk enter it into the court's file and records. So there was no judgment of conviction. There was merely the verdict, and that was decided by the jury and not the trial judge. And I think 851, Congress intended that it was the trial judge who determined whether there was a prior conviction. So I don't think the court could rely on the verdict. And I think, unfortunately, I believe that Judge Snow committed plain error in allowing ---- But it wasn't solely the verdict. You would have a good argument. I mean, I would understand the argument a little better if the only document was the verdict. Well, the only document was the judgment of conviction from Arkansas, and that was in a different name. I'm sorry? That was in a different name. And the cases that the government cites in support of its assertion that the name alone is enough, I don't think bear scrutiny. There's Bayless, which was an unusual case because this court said that his name was unusual, and he was a prisoner on McNeil Island in Washington. He escaped, and during his trial, they introduced his judgment of conviction that had the same name. Plus, a prison official was there with the record showing his transfer from Alcatraz to McNeil Island, and, you know, this court basically laughed the guy out of court for claiming that the government didn't prove its prior conviction. Pasterchik was another case that the government relied on, and the court said that the name alone was enough, but said especially since the defendant did not object. And so I think an inference arises from that case that if the defendant had objected, the court might have concluded that the name alone was not enough. And I think Congress made sure that proof beyond a reasonable doubt was required, and thus made this proceeding a criminal trial, because the allegation of prior conviction meant that my client was subject to a ten-year additional prison term. And so Congress obviously wanted to make sure that that conviction was proved conclusively. And on this record, you have a different name on the prior conviction from Arkansas, and the government says you have the same date of birth and that Jesse Alvarado is an AKA, and I don't think that meets the standard of proof beyond a reasonable doubt, because you can't exclude those two items from being coincidental. Phoenix has a heavily heavy population of Hispanics. Jesus is a very common first name. Jesse is a derivative of Jesus, and Rivera and Alvarado are common surnames. Was there testimony as well? There was no testimony at the hearing. Just at the trial? Just at the trial. And at the trial, there was what I referred to at the beginning. There was testimony of a live person saying that the person sitting here in the courtroom is the same person who was subject to this earlier conviction. Right, but the judge excluded that testimony at the 851 hearing, so there was no hearing. But maybe improperly. Well, improperly, but there was no live body at the hearing. Well, there wasn't, but I guess that's the $64,000 question, whether there had to be a repetition of the same evidence. Well, I think Judge Snow thought there had to be, because he wouldn't necessarily. Well, but if that was wrong, if it should have been incorporated, then you lose, right? Yes, and I win, I think, if this court finds that the 851 proceeding is a criminal trial, and I think it is a criminal trial because Congress imposed a burden of proof of beyond reasonable doubt, and that's the burden and standard that's used in criminal trials. Preponderance of the evidence is the standard for sentencing, so therefore Congress, by imposing the higher burden on the government, implied that this hearing was not just simply a sentencing hearing. It was a separate criminal trial. Why else would they go to the bother of passing that statute? Because they know how sentencing works in federal court, where the probation officer simply goes through the database of NCIC and the FBI to find the prior convictions, and that's made part of the defendant's criminal history, and certain amounts of months are added as the criminal history categories go up. Here Congress said, wait a minute, if you're going to impose a ten-year sentence, you've got to be firmly convinced that this person does indeed have a prior conviction, and you have to be firmly convinced that the government proves at the trial, not at the sentencing, but at the trial, that he has a prior conviction. Okay. Got about a minute, 40 left. Do you want to reserve? I'll reserve. Your Honors, am I supposed to reintroduce every time since we're? Pardon me? Am I supposed to reintroduce myself? No. Go ahead. You probably should, just because we do a separate digital audio. Thank you. Jim Morse, may it please the Court, Jim Morse on behalf of the United States. I don't know if I did that in the last proceeding. Your Honor, this case I doubt will, this fact pattern I doubt will recur in the next 20 years. I may be wrong, but the facts are that this defendant was charged with being a felon in possession of a firearm based upon this conviction. The jury found him guilty beyond a reasonable doubt after the arresting officer who had arrested him and submitted the charges five years previously identified him in court. He was cross-examined at length about that identification. Without objection from defense, we sent Corporal Craig back to Arkansas. And then when sentencing happens, or when we get close to sentencing, the defendant filed the objection. I don't fault Mr. McGillicuddy for filing the objection at all or releasing Corporal Craig, but at that point the die had been cast. Well, I suppose it's an interesting procedural posture because the judge excluded the evidence. Yes, sir. So what are we supposed to do? Retry it? Well, Your Honor, this is a... I mean, that's the odd thing. I mean, I'm not sure that if he improperly excluded the evidence, then usually what we do is we send it back. Now, that may be an idle act, but I don't know. In this case, based upon Pratt, I believe he did improperly exclude the testimony that had been proffered. But he excluded the evidence in the trial. No. No. No. That's not correct. He excluded it at the separate hearing on the prior conviction. He said, I proffered the evidence, I proffered the transcript, which is in the record, and he said, I find that you can't introduce it, that it's hearsay. Right. So let's assume it's out for these purposes. Tell me why you think you have enough without the identification. He did admit the jury verdict, Your Honor, and he took judicial notice or notice under 803.22 of the jury verdict. I don't believe there was any plain error in that. As a matter of fact, I think he was entitled to take judicial notice of it and arguably to take notice of it under 803.22. Was there any information, too? There was an information filed, yes, Your Honor. And whose name was that in? I'm sorry, the prior felony or the prior conviction document, it said Jesse Alvarado with the same date of birth as this defendant. And there was an objective statement in the pre-sentence report that that was one of his AKAs, and that was argued to the district court. I would contend, even if we don't tell Judge Snow that he was wrong to exclude hearsay, though that would be kind of cool, that the evidence was sufficient that he considered, the jury verdict and the fact that the name matched up, Jesse Alvarado was an AKA of Jesus Alvarado, the date of birth matched up, the race and the gender matched up, Your Honor. Can those two things combine, the fact of the jury verdict, and those were more than sufficient under Neville's, but this is a sufficiency of the evidence claim. Under Neville's, it's sufficient to prove the prior conviction. Well, or if you exclude the jury verdict, then you're a little bit closer question. I would concede, Your Honor, that it's a closer question. The other thing with 851 is it is a judge proceeding. I'm not sure that the burden of proof necessarily makes it a separate trial. We have different burdens of proof that we require in sentencing. We consider it part of sentencing. But it's clear that 851, Congress had something completely different in mind than the usual sentencing, because they wanted to withhold discretion from the courts. So? They set up a procedure under which this could be proven. And if you look at the entirety of 851, this requires a lodging of the information, a denial, affirmative denial by the defense, and then a separate hearing. And I point out the statute says hearing. It does not say trial. Right. And typically the hearing might be the introduction of the prior conviction, and usually it's stipulated one way or the other. Certainly. But there is evidence presented at the hearing. Yes. And there was in this case. And I tried to present the evidence of the testimony from the trial. I point out a couple of reasons, arguments, I think, in favor of treating it more as part of the sentencing proceeding like the Eighth Circuit did than treating it as a separate trial. In this case, at least, it does not increase the statutory maximum sentence that he faced. He was facing a 10-to-life just based upon jury verdict. He became a 20-to-life, so it did increase the statutory maximum. The statute itself says hearing. And the testimony that the court wanted to take a very narrow rule, the testimony is kind of super reliable hearsay to the extent it's hearsay at all in this case because it was in front of the same judge, the same trial, and crosses him on the same point. Right. It was in the trial. He had excluded it at the sentencing. But it's the same judge and the same witness. And the reason for the exclusion at sentencing was hearsay. Yes, Your Honor. If there is a – I mean, if he'd relied on it and then we were considering whether it should have been excluded, that would be one thing. But he didn't rely on it. He said, I'm excluding it, so we're just left with this pair of findings. Yes, Your Honor. Yeah. Though it was proffered as part of the record and attached to the government pleadings. Are there any further questions? No. I think we understand the issue. Yeah. It was surprisingly hard to brief before the district court and here as well. Yes. No, the 51 issues, although it seems straightforward, can be kind of tricky. I figure out what happens. When you lean forward, I hear your voice more directly. But when you step back, the mic only picks it up, and that's why it threw me off. Okay. Thank you all for your time. In this courtroom, I'll remember that. Judge, unless you have questions for me, I will wait for Mark. Thank you very much. All right. Thank you all for your arguments. I realize we are arguing under time constraints. We appreciate the succinctness of your presentation, and we will be in recess for the morning. All rise.
judges: Schroeder, Thomas, Graber